STATE, PATRICK KIERNAN, PROSECUTOR, v. THE MAYOR AND ALDERMEN OF JERSEY CITY.

1. A party may be estopped from objecting to awards for street openings, six years after they are paid, if he had a reasonable opportunity to object before they were paid, and was silent.

2. An award for street openings should not be set aside, unless the parties in whose favor it was made are before the court.

3. The prosecutor was entitled to an award for land taken in opening a street, but, in the report of commissioners making awards, no compensation was given to him. The report was confirmed, the awards settled, and the street opened in 1871. The prosecutor made no objection, and placed his fence on the street line. *Held*, that in 1878 he appeared to have dedicated to public use the land taken, and could not disturb the report for want of an award to himself.

On *certiorari*.

Argued at June Term, 1878, before Justices VAN SYCKEL, DIXON and REED.

For the prosecutor, *Gilbert Collins.*

For the defendants, *Leon Abbett.*

The opinion of the court was delivered by

DIXON, J.   The *certiorari* in this case brings up the proceedings for opening Cornelison avenue from Academy street to Hudson avenue, in Jersey City.   The objections presented are against the awards for lands taken, and the assessment upon the prosecutor's land.

The first objection against the awards is, that an award was made to J. M. C. for the value of lands which he had already dedicated to the public for a street.   This objection, as to part of the award at least, comes too late.   The claim of the prosecutor is that, by force of conveyances made to himself by J. M. C. as early as September, 1866, the grantor had dedicated to the public a large part of the lands for which the award was made.   The prosecutor is therefore chargeable with knowledge of the dedication.   The award was made in April, 1870.   Some notice thereof was given by the municipality, and the prosecutor complains of neither its form nor its publicity, nor does he intimate that he was not aware of it. Under these circumstances, it is a reasonable inference that he was apprised of public proceedings which so closely affected his property.   He then interposed no objection, and in September, 1871, the city paid J. M. C. a large sum for awards, which was necessary, before opening the street.   As to so much of the awards, therefore, the prosecutor cannot be heard.   *State, Ryerson, pros., v. City of Passaic,* 9 *Vroom* 171.   As to the residue of the awards, the court should not render any judgment impeaching them, unless the parties interested in their maintenance were before us.   *Fleischauer* v. *West Hoboken,* 10 *Vroom* 421; *Siedler* v. *Chosen Freeholders of Hudson, Id.* 632.

Upon this objection, therefore, we cannot interfere with the awards.

The prosecutor's second objection is that no award was made to him for the value of his lands taken.  The sole purpose of setting aside the awards on this ground is that he may have an award made to him.  But on the case as it stands before us, I think he is not entitled to an award.  His land taken was a strip about two feet by about two hundred feet.  It had been actually thrown open to the public as early as November, 1871, and at some period between that time and this the prosecutor's fence was built upon the new line. No complaint is heard till January, 1878, and no explanation of this acquiescence is offered.  Nothing conflicts with, but everything accords with, the idea that the prosecutor has dedicated that strip to public use.

Aside, therefore, from the consideration that the proper parties are not before us, this reason does not justify our interference.

As to the assessment against the prosecutor, the defendants' counsel concedes that, for some of the reasons alleged, it is fatally erroneous.  It, therefore, will be set aside.  As to the awards and other proceedings, the writ will be dismissed. Costs are allowed to the prosecutor, except the costs of taking proofs.